Filed 9/9/13  P. v. Colbert CA

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JACK B. COLBERT,<br><br>     Defendant and Appellant. | C072435<br><br>(Super. Ct. No. 10F05189) |

Appointed counsel for defendant Jack B. Colbert asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Because the matter was resolved by plea and defendant waived referral to the probation department, the facts are taken from the prosecutor's statement of the factual

1

basis for the plea.  On August 14, 2010, defendant took, by force and fear, personal property from the possession and immediate presence of victim Kenneth Straton.  In so doing, defendant personally used a firearm.

The jury deadlocked and the trial court declared a mistrial.  Defendant subsequently pleaded no contest to second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c))[1] and admitted that he personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)).  In exchange, the trial court dismissed, with a *Harvey* waiver,[2] a count charging second degree robbery involving a different victim.

The trial court sentenced defendant to prison for the stipulated middle term of three years plus the low term of three years for the firearm enhancement, awarded defendant 62 days of custody credit and nine days of conduct credit, and ordered defendant to pay a $1,200 restitution fine (§ 1202.4), a $1,200 parole revocation fine (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)) and a $30 court facilities assessment (Gov. Code, § 70373).

Defendant obtained a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____MAURO_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____ROBIE_____, J.